OPINION
{¶ 1} On June 30, 2002, Appellant Diana R. LaFever was cited in Barnesville, Belmont County, Ohio, for driving while under a license suspension, in violation of R.C. 4507.02(D). On the day of her bench trial, Judge Harry White of the Belmont County Court, Western Division, prohibited Appellant from presenting two last-minute witnesses because he concluded that they were merely alibi witnesses. The court also took judicial notice of Appellant's then-current license suspension rather than relying on the normal procedure of offering evidence and accepting it as admitted. The court found Appellant guilty and sentenced her to 180 days in jail, suspended 120 days, and gave her two years of probation. Due to the improper use of judicial notice, we find that there is insufficient evidence that Appellant's license was suspended. The judgment must be reversed and the charges dismissed due to insufficient evidence.
 {¶ 2} Appellant's first assignment of error states:
 {¶ 3} "The trial court erred when it found Appellant guilty as the conviction is against the manifest weight of the evidence."
 {¶ 4} Appellant contends that her testimony at trial was more credible than that of the state's only witness, Barnesville Police Officer Jeffrey Roman. Appellant denied that she was driving the vehicle listed in the citation, and averred that the vehicle was not operational at the time of the alleged infraction. Appellant also challenges the verdict because it was based solely on the testimony of Officer Roman and on the improper decision of the trial court to take judicial notice of one of its prior cases involving Appellant in which her license was suspended. Appellant's trial counsel properly objected at trial to the court's decision to take judicial notice of a critical piece of evidence. (Tr., p. 10.) The court sustained the objection, but then looked at the case file in Case No. 02-TRD-2275, and concluded that Appellant was under suspension. (Tr., p. 11.) The trial judge stated: "That's the only suspension imposed by the court of record, and I'll take notice of that." (Tr., p. 12.) Appellant contends that the aforementioned evidence does not support the verdict.
 {¶ 5} The issue as to whether a trial court judgment is against the manifest weight of the evidence was addressed extensively in State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541:
 {¶ 6} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'" Id. at 387, 678 N.E.2d 541, quoting Black's Law Dictionary (6 Ed. 1990) 1594.
 {¶ 7} When reviewing a trial court's decision on manifest weight of the evidence, a court of appeals acts as a "thirteenth juror," especially when it reviews the trial court's resolution of conflicts in testimony.Thompkins at 387, 678 N.E.2d 541, citing Tibbs v. Florida (1982),457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.
 {¶ 8} "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Thompkins at 387, 678 N.E.2d 541, quoting State v. Martin
(1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717.
 {¶ 9} "`A reversal based on the weight of the evidence, moreover, can occur only after the State both has presented sufficient evidence to support conviction and has persuaded the jury to convict.'" Thompkins at 388, 678 N.E.2d 541, quoting Tibbs, 457 U.S. at 41-43, 102 S.Ct. 2211,72 L.Ed.2d 652. To reverse a jury verdict as being against the manifest weight of the evidence, a unanimous concurrence of all three appellate judges is required, whereas a reversal based on lack of sufficient evidence requires only a concurring majority of the panel of judges.Thompkins at 389, 678 N.E.2d 541.
 {¶ 10} A finding that a conviction is supported by the weight of the evidence must necessarily include a finding that the verdict is supported by sufficient evidence. State v. Olah (2001),146 Ohio App.3d 586, 597, 767 N.E.2d 755.
 {¶ 11} Returning now to the case sub judice, it appears that Appellant has repeatedly appeared before the trial judge in this case in matters involving license suspensions. The trial judge noted that Appellant had appeared before him only twelve days earlier for the same offense involved in the current appeal. (Tr., p. 23.) Nevertheless, the fact that Appellant may be a repeat offender of the laws concerning suspended licenses does not nullify her constitutional, statutory and procedural rights, including the right to have the state prove its case beyond a reasonable doubt by producing admissible evidence at trial. It does not appear that the state met its burden of proof in this case, because it failed to properly introduce evidence of the prior license suspension.
 {¶ 12} R.C. 4507.02(D)(1) states:
 {¶ 13} "(D)(1) No person, whose driver's or commercial driver's license or permit or nonresident operating privilege has been suspended * * * under any provision of the Revised Code other than Chapter 4509. of the Revised Code or under any applicable law in any other jurisdiction in which the person's license or permit was issued, shall operate any motor vehicle upon the highways or streets within this state during the period of the suspension * * *."
 {¶ 14} An essential element for conviction under R.C. 4507.02(D)(1) is proof that the defendant's license was actually suspended at the time of the alleged violation.
 {¶ 15} "It is axiomatic that the state must prove each and every element of an offense beyond a reasonable doubt." State v.Jones (2001), 91 Ohio St.3d 335, 347, 744 N.E.2d 1163.
 {¶ 16} The prosecutor in this case did not offer evidence of a license suspension, but rather, asked the trial court take judicial notice of the suspension. Appellant's counsel objected to this use of judicial notice, as is shown by this excerpt from the trial transcript:
 {¶ 17} "MS. YONAK [THE PROSECUTOR]: Your Honor, we would ask the court to take judicial notice of the court's own records that the suspensions are from this court.
 {¶ 18} "THE COURT: Mr. Berhalter [Appellant's counsel].
 {¶ 19} "MR. BERHALTER: I don't understand the request and why.
 {¶ 20} "THE COURT: She wants me to take notice that Ms. LaFever was under suspension on June 30th, 2002 from this court.
 {¶ 21} "MR. BERHALTER: I'm opposed to that, Your Honor, without some sort of certification of her driving record indicating her license was suspended.
 {¶ 22} "THE COURT: I can't take notice of any record not in this file. If you want to get the files, have them delivered — brought over from the clerk to me, I can take notice at that. But I can't take notice of a document not in this file unless that document is produced before the court."
 {¶ 23} "MS. YONAK: Okay, Your Honor.
 {¶ 24} "THE COURT: I'm going to sustain the objection." (Tr., pp. 10-11.)
 {¶ 25} A few moments later the trial judge located some of its prior case files and made the following comments on the record:
 {¶ 26} "The record will reflect that in Case No. 02-TRD-2275, from the record of that case — the original record of that case which I have before me, it appears that Ms. LaFever appeared before the court on June 18, 2002, at that time entered a plea of guilty to a charge of driving under suspension. She was sentenced to 180 days in jail, which was suspended on certain conditions, and the right to operate a motor vehicle in the State of Ohio was suspended for a period of 90 days from and after June 18, 2002. That's the only suspension imposed by the court of record, and I'll take notice of that." (Tr., pp. 11-12.)
 {¶ 27} This Court has consistently maintained that a trial court may not take judicial notice of earlier proceedings, either in its own court or another court, except for proceedings in the immediate case under consideration. See this Court's recent opinion in Calex Corp. v.United Steelworkers of Am. (2000), 137 Ohio App.3d 74, 85, 738 N.E.2d 51, citing In re Pyle (May 6, 1992), 7th Dist. No. 91-B-27. "The rationale for this holding is that, if a trial court takes judicial notice of a prior proceeding, the appellate court cannot review whether the trial court correctly interpreted the prior case because the record of the prior case is not before the appellate court." D B ImmobilizationCorp. v. Dues (1997), 122 Ohio App.3d 50, 53, 701 N.E.2d 32. Under this reasoning, a trial court may not even take judicial notice of its own judgment entries in another case. See Id. at 52-53; Phillips v. Rayburn
(1996), 113 Ohio App.3d 374, 378-379, 680 N.E.2d 1279.
 {¶ 28} Evid.R. 201, which governs judicial notice, states:
 {¶ 29} "(A) Scope of rule
 {¶ 30} "This rule governs only judicial notice of adjudicative facts; i.e., the facts of the case.
 {¶ 31} "(B) Kinds of facts
 {¶ 32} "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonabl[y] be questioned."
 {¶ 33} This case does not present the typical judicial notice problem, because the trial judge actually obtained for himself the prior case file and apparently read and summarized parts of it during the trial. Nevertheless, it is clear that the prosecutor did not offer any part of the prior case file into evidence, and did not ask that it be admitted as evidence. The prosecutor relied on the trial judge's decision to take judicial notice of the file as sufficient proof of the prior license suspension.
 {¶ 34} The staff notes to Evid.R. 201 reveal that there are two general types of facts that were meant to be included in the concept of judicial notice:
 {¶ 35} "There are two categories of facts subject to judicial notice. Rule 201(B)(1) applies to adjudicative facts generally known within the territorial jurisdiction. This category relates to the type of fact that any person would reasonably know or ought to know without prompting within the jurisdiction of the court and includes an infinite variety of data from location of towns within a county to the fact that lawyers as a group enjoy a good reputation in the community.
 {¶ 36} "A second class of facts subject to judicial notice is provided by Rule 201(B)(2). These are facts capable of accurate and ready determination. There is no need that such facts are also generally known in the community, each of the two classifications being independent of the other. The type of fact contemplated by 201(B)(2) includesscientific, historical and statistical data which can be verified and isbeyond reasonable dispute. Such has been the law in Ohio and, again, there is an infinite variety of facts of scientific or historical nature that have been judicially noticed, thereby avoiding the necessity of proof on such issues." (Citations omitted; emphasis added.)
 {¶ 37} Trial court judgment entries from prior cases do not fall into the realm of "scientific, historical and statistical data," as contemplated by Evid.R. 201.
 {¶ 38} The difficulty we are left with in this appeal is that we are asked to review the evidence of a prior license suspension — evidence that the trial judge perused and commented upon — but that was never offered or admitted as evidence in Appellant's trial. This Court is not authorized to review materials that are not part of the official record. The prior license suspension, which is one of the critical facts of this case, was only referred to by way of judicial notice. We are forced to conclude that the prior license suspension was not a proper subject of judicial notice, and that there is no other reviewable evidence of the license suspension in the record.
 {¶ 39} We note that the record does contain a copy of a LEADS report that may contain information about prior license suspensions, but the prosecutor did not discuss this report at trial or rely on it in any way.
 {¶ 40} Based on the lack of evidence of Appellant's prior suspension, the record does not contain sufficient evidence upon which to convict. Thus, while Appellant's first assignment of error discusses the manifest weight of the evidence, it must be sustained on sufficiency grounds, instead. We reverse the judgment of trial court, and the original charge against Appellant is dismissed. Appellant's second assignment of error has become moot based on our resolution of the first assignment of error.
DONOFRIO and VUKOVICH, JJ., Concur.