JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Charles Welker ("appellant") appeals various rulings by the Cuyahoga County Court of Common Pleas arising from his pleas of guilty to one count of rape and five counts of gross sexual imposition. For the reasons stated below, we affirm.
 {¶ 2} On February 17, 1999, appellant was indicted on four counts of rape and sixteen counts of gross sexual imposition ("GSI") that occurred over many years, each count involving one of appellant's granddaughters.[1] On November 17, 1999, appellant's trial began. On November 18, 1999, in the midst of trial, appellant pled guilty to one count of rape and five counts of GSI. The remaining counts were nolled.
 {¶ 3} Pursuant to the plea agreement, appellant would receive ten years on the rape count and one year as to each count of GSI. This sentence was to be served consecutively, with no chance of judicial release. Further, appellant stipulated to being a sexual predator in exchange for the deletion of the sexually-violent predator specifications contained in the indictment. Appellant claims that no direct appeal was taken because he was without knowledge such an appeal was possible.
 {¶ 4} Upon learning that an appeal could have been filed, appellant filed various motions; to wit, a "motion for leave to withdraw guilty pleas based upon breach of plea agreement, or, in the alternative, to compel performance of specifically agreed upon terms of plea agreement," "judicial notice," and "motion to be heard." The trial court denied appellant's motions.
 {¶ 5} It is from these denials that appellant advances four assignments of error for our review.
 I {¶ 6} In his first and second assignments of error, appellant argues that the trial court erred in denying his motion for leave to withdraw or alter his guilty pleas. He contends the state made illusory promises to obtain his pleas, the sexual predator specification violated the terms of the plea agreement, and the maximum consecutive sentences imposed were contrary to law. For the reasons stated below, appellant's assignments of error are overruled, as this court lacks jurisdiction to consider them.
 {¶ 7} "Postsentence motions to withdraw guilty pleas are not freely granted because that would allow defendants to withdraw their pleas when unfavorable sentences are received. If a plea of guilty can be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe." State v. Wyley (Mar. 15, 2001), Cuyahoga App. No. 78315.
 {¶ 8} "The plain language of R.C. 2953.08(D) states that, as long as a jointly recommended sentence is authorized by law, the appellate court may not review the sentence." State v.Kimbrough (Mar. 2, 2000), Cuyahoga App. Nos. 75642, 75643 and 75644. "A sentence is authorized by law under R.C. 2953.08(D) as long as the prison term imposed does not exceed the maximum term proscribed by the statute for the offense." State v. McCladdie, Cuyahoga App. No. 81387, 2003-Ohio-1726.
 {¶ 9} It is clear from the record that the defendant, his counsel, and the prosecution jointly signed the recommendation of imprisonment of ten years on count 1 and one year on counts 5, 10, 11, 13, and 19 and that the court imposed this as an agreed-upon sentence. The maximum term proscribed for first degree felonies is ten years, which is the period of time the court imposed.[2] Thus, the sentence equaled the maximum; it did not exceed the maximum.
 {¶ 10} In addition, "a defendant moving for a post-sentence withdrawal of a guilty plea has the burden of establishing the existence of manifest injustice." State v. Foster, Cuyahoga App. No. 81309, 2002-Ohio-7072. Appellant asserts that the state made "illusory promises" that induced him to plead guilty. However, he failed to provide any evidentiary documents in support of his position. A review of the record indicates that appellant's motion to withdraw fails to contain even an affidavit.
 {¶ 11} Further, even had appellant evidenced the state's alleged tactics, appellant's assignments of error are inexcusably late. More than three years have elapsed between appellant's sentencing and his motion to withdraw. As we have held before, "undue delay between the alleged cause of the manifest injustice and the filing of the motion to withdraw is a factor which weighs against granting the motion." Id. The trial court was well within its discretion to consider the delay in filing the motion to withdraw the guilty pleas and to deny said motion without hearing. State v. Russ, Cuyahoga App. No. 81580, 2003-Ohio-1001. We find appellant's assertion that "no direct appeal was taken as the appellant had no idea that he could appeal a guilty plea or maximum/consecutive sentence(s)" to be strained at best.
 {¶ 12} Appellant's first and second assignments of error are overruled.
 II {¶ 13} In his third and fourth assignments of error, appellant argues that "the trial court erred and abused its discretion in denying the appellant's motion to be heard, made in concert with judicial notice of adjudicative facts under Ohio Evidence Rule 201(E)" and "* * * such failure deprives the appellant of the knowledge of exactly what he is to appeal, and such failure deprives the appellate court of the knowledge necessary to determine whether the trial court's reasoning is correct and just, or whether the trial court erred in either law or fact, or both, in arriving at its decision." For the reasons stated below, appellant's third and fourth assignments of error are overruled.
 {¶ 14} On June 20, 2003, appellant filed a judicial notice and motion to be heard, wherein he sets forth various facts and requests that he and the inmate who prepared his pleadings for him be allotted an opportunity to be heard. On July 10, 2003, the trial court denied appellant's motion to be heard.
 {¶ 15} Under Evid.R. 201(B), "a judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."
 {¶ 16} "Ohio R. Evid. 201(B)(1) applies to adjudicative facts generally known within the territorial jurisdiction. This category relates to the type of fact that any person would reasonably know or ought to know without prompting within the jurisdiction of the court and includes an infinite variety of data from location of towns within a county to the fact that lawyers as a group enjoy a good reputation in the community."State v. Lafever, Belmont App. No. 02 BE 71, 2003-Ohio-6545. "The type of fact contemplated by Ohio R. Evid. 201(B)(2) includes scientific, historical and statistical data which can be verified and is beyond reasonable dispute. Such has been the law in Ohio and there is an infinite variety of facts of scientific or historical nature that have been judicially noticed, thereby avoiding the necessity of proof on such issues." Id.
 {¶ 17} In the case sub judice, appellant is simply informing the court as to facts, of which most fail to meet the requirements of Evid.R. 201(B).[3] The facts proffered are not facts any reasonable person would know, nor are they data that is beyond reasonable doubt. The court did not abuse its discretion by failing to rule on the judicial notice.[4]
 {¶ 18} Regarding the motion for hearing, the court was not provided with sufficient information to require a hearing. The judicial notice filed by appellant was simply a statement of facts and presumptions that he intended to argue. Although the judicial notice listed journal entries contained in the record, which could be labeled as information that can be verified and beyond reasonable dispute, appellant set forth arguments in reliance on that data. The trial court properly refused to take judicial notice of appellant's arguments. Appellant's third assignment of error is overruled.
 {¶ 19} Finally, a trial court need not take judicial notice of facts in order for a party to set forth arguments. As an appellate court, we are bound by the record in our review of cases, and the failure of a trial court to take judicial notice of a party's arguments in no way jeopardizes our ability to review the case. Appellant's fourth assignment of error is simply wrong.
 {¶ 20} Appellant's third and fourth assignments of error are overruled.
 {¶ 21} The judgment is affirmed.
Judgment affirmed.
 Celebrezze, Jr., P.J., and Sweeney, J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Appellant's granddaughters were aged eleven through fifteen at the time.
[2] R.C. 2929.14(A)(1).
[3] Appellant states: "Additional notice is hereby given that the defendant intends to rely upon all of the facts, law and record cited herein, as follows: * * *." Appellant then sets forth 25 paragraphs of facts and allegations.
[4] Additionally, we note that appellant's judicial notice was not styled as a motion and, therefore, the court did not need to rule upon it.