[Cite as *State v. Gatrell*, 2011-Ohio-6221.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 MA 8 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| STURGIS GATRELL | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 09 CR 1276A

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellee: Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio 44503

For Defendant-Appellant: Attorney Joshua R. Hiznay
1040 South Commons Place
Suite 202
Youngstown, Ohio 44514


JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: December 1, 2011

WAITE, P.J.

**{1}** Appellant, Sturgis Gatrell, was charged with several offenses in two separate cases, Case Nos. 2009 CR 1276A and 2010 CR 108. The cases were never consolidated and seem to be factually distinct. Although the cases were separate, Appellant entered guilty pleas in each case on the same day. Appellant was also sentenced in both cases during the same sentencing hearing. Appellant filed his timely appeal in the 2009 case. No appeal was filed in the 2010 case. On appeal, the record from 2009 CR 1276A was transmitted, including a plea agreement and the transcripts of the plea and sentencing hearings. Although no appeal was filed in the 2010 case, and the record of the 2009 case does not include the Crim.R. 11 agreement or any other relevant document from the 2010 case, in Appellant's brief he refers to both agreements and both cases, and he appears to mistakenly believe that both cases are properly before us. Appellant's arguments concerning breach of the plea agreement and abuse of discretion in sentencing with regard to the 2009 case are without merit. Appellant has failed to invoke the jurisdiction of this Court with regard to the 2010 case. For the following reasons, the judgment of the trial court is affirmed.

<u>FACTUAL AND PROCEDURAL HISTORY OF THE CASE</u>

**{2}** On November 19, 2009, Appellant was indicted on two counts of burglary, both involving the same occupied structure, on two separate occasions. The first burglary case is identified by Mahoning County Criminal Case Number 2009 CR 1276A. Appellant's violations appear as counts one and three of the indictment. Count one, a violation of R.C. 2911.12(A)(2), (C), occurred on/about or between June

1, 2009 and June 15, 2009. Count three, also a violation of R.C. 2911.12, occurred on or about October 23, 2009. Both violations took place at 73 Forest Lake, Lake Milton, Ohio, owned and occupied by Jared, Jeffrey and Cynthia Fiol. Appellant entered a not guilty plea to the burglary charges on November 24, 2009. Appellant retained counsel and discovery motions were filed. After a December 29, 2009 pre-trial, Appellant was released on his own recognizance. Appellant waived his speedy trial rights on January 5, 2010.

{3} Appellant failed to appear at a July 9, 2010 pre-trial and a bench warrant was issued. Appellant was apprehended, appeared at an August 3, 2010 pre-trial, and agreed to a polygraph. Appellant's counsel withdrew, citing irreconcilable differences. Appellant retained new counsel who filed a motion seeking intervention in lieu of conviction, but the trial court found Appellant ineligible. On November 8, 2010, after Crim.R. 11 negotiations, the state moved to dismiss count one of the indictment in exchange for a guilty plea on count three. The state's motion to dismiss count one was granted. A presentence investigation was ordered on November 8, 2010.

{4} The transcript of the proceedings from the November 8, 2010 hearing indicates that during this proceeding, in addition to the 2009 case now on appeal, a second criminal case against Appellant was discussed and Appellant entered a guilty plea in both cases at that time.

{5} The sentencing hearing on the matter before us was held on December 15, 2010. During this hearing, Appellant's separate, unrelated criminal case was also discussed. The transcripts of the plea hearing and the sentencing hearing contain

the only reference to this other criminal case, the details of which are not provided. Appellant was sentenced in Case No. 2009 CR 1276A on December 17, 2010 to two (2) years of incarceration, with three (3) years of post-release control, and given credit for one hundred and eighty-four (184) days served. Appellant's timely notice of appeal was filed January 12, 2011. The notice of appeal identifies Case No. 2009 CR 1276A, alone.

### Assignment of Error No. 1

{6} "The prosecutor failed to stand silent at sentencing in exchange for Appellant Gatrell's guilty plea and therefore his plea must be withdrawn."

### Assignment of Error No. 2

{7} "The trial court abused its discretion and erred by imposing a sentence of two years for the burglary charge and one year for the receiving stolen property charge to be served consecutively with credit for time served and restitution."

{8} On appeal, Appellant raises two assignments of error. The first challenges the validity of his guilty plea on the grounds that the prosecution breached the Rule 11 agreement. The second alleges abuse of discretion with regard to the sentences in both cases, 2009 CR 1276A (which is properly before us in this appeal) and a second case, 2010 CR 103, in which Appellant was apparently charged with receiving stolen property. Again, although a timely appeal was filed in 2009 CR 1276A and the record has been transmitted, no notice of appeal has been filed in 2010 CR 103, and no record in this matter has been transmitted.

{9} An appeal as of right may be taken pursuant to App.R. 3 once the trial court has entered its sentence, by filing a notice of appeal conforming with the

requirements of App.R. 3(D). Appellate Rule 3(D) provides in pertinent part "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment * * * appealed from; and shall name the court to which the appeal is taken." A notice of appeal conforming to this rule was filed in Mahoning County Case No. 2009 CR 1276A, identifying that case and no other. It is well settled that "[t]he filing of a timely notice of appeal is a prerequisite to establishing jurisdiction in a court of appeals * * * while in a general sense [the appellate] court has jurisdiction to hear appeals in criminal cases, that jurisdiction must be invoked by the timely filing of a notice of appeal." *State v. Alexander*, 10th Dist. Nos. 05AP192 and 05AP245, 2005-Ohio-5997. ¶17.

{10} We have jurisdiction, by virtue of the timely notice, over 2009 CR 1276A. We do not, however, have jurisdiction in an attempted appeal of Mahoning County Case No. 2010 CR 103, because no timely notice of appeal has ever been filed. Nothing pertaining to 2010 CR 103 is properly before us. Moreover, a trial court is prohibited from taking "judicial notice of earlier proceedings, either in its own court or another court, except for proceedings in the immediate case under consideration." *State v. LaFever*, 7th Dist. App. No. 02 BE 71, 2003-Ohio-6545, ¶27. This prohibition extends to include a "[court's] own judgment entries in another case." Id. citing *Corp. v. Dues* (1997), 122 Ohio App.3d 50, 53, 701 N.E.2d 32; *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 378-379, 680 N.E.2d 1279 (in which the reviewing court held that a trial court could not take judicial notice in a tort action of the judgment of conviction entered in defendant's prior assault prosecution). An appellate court is similarly restricted to the record of the proceedings in the matter

before it. For these reasons, Appellant's arguments will be addressed only insofar as they pertain to Mahoning County Case No. 2009 CR 1276A.

{11} In his first assignment of error, Appellant argues that the record contains a single plea agreement signed by him and prosecuting attorney Mark Hockensmith. The agreement reads in part: "I, Sturgis Gatrell, DEFENDANT IN THE ABOVE-STYLED CASE, BEING BEFORE THIS COURT WITH MY COUNSEL ATTORNEY Holly Hanni, HEREBY REPRESENT THAT I WITHDRAW MY PREVIOUSLY ENTERED PLEA OF 'NOT GUILTY' AND NOW ENTER A PLEA OF GUILTY TO THE FOLLOWING CHARGE(S) AND/OR SPECIFICATIONS(S): Count 3: Burglary, RC 2911.12(A)(2)(C) * * * FURTHER, AS PART OF THIS AGREEMENT, THE STATE HAS AGREED TO MOVE TO DISMISS THE FOLLOWING CHARGE(S) AND/OR SPECIFICATION(S): Count 1: Burglary, RC 2911.12(A)(2)(C)." (11/8/10 Plea of Guilty, p. 1.) The form continues: "THE STATE OF OHIO, AS PART OF THIS CRIM. R. 11(F) AGREEMENT, HAS AGREED TO RECOMMEND THE FOLLOWING: X NO RECOMMENDATION." (11/8/10 Plea of Guilty, p. 3.) At the sentencing hearing the prosecuting attorney said, "today we would defer to the court with respect to any sentencing in this case." (Sentencing Tr., p. 2.) Appellant argues that the prosecutor's next sentence, "[t]he only thing the state would ask for, Your Honor, is in the 2010 case we would ask for an open order of restitution," constitutes a breach of the plea agreement. (Sentencing Tr., pp. 2-3.) It appears that Appellant is confused. The plea agreement in the matter at bar specified that in exchange for the dismissal of one count of burglary, Appellant would plead guilty to the other count and the state would make no sentencing recommendation. The state made no

sentencing recommendation pertaining to the single remaining burglary count in Case No. 09 CR 1267A. In the comment on which Appellant relies as the basis for his argument, it is clear that the state sought restitution in a separate criminal matter. Because the record does not support Appellant's argument in this case, Appellant's first assignment of error is without merit and is overruled.

{12} Appellant pleaded guilty to one count of burglary in violation of R.C. 2911.12(A)(2), (C) which is a second degree felony. Pursuant to R.C. 2929.14(A)(2) for a second degree felony, "if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a definite prison term that shall be one of the following: * * * two, three four, five, six, seven, or eight years."

{13} In Appellant's second assignment of error he alleges that the trial court abused its discretion by sentencing him to two years of imprisonment for the burglary offense. Appellant alleges that the court, in sentencing him to the minimum term contemplated by statute, failed to consider the absence of several factors identified in R.C. 2929.12, including the absence of testimony from the victims concerning physical or mental injury, absence of testimony concerning his relationship to the victim, the absence of race or gender motivation, and the lack of any pattern of organized criminal activity.

{14} Under the Ohio Supreme Court's plurality option in *State v. Kalish*, an appellate court takes a limited, two fold, approach to the review of a felony sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶26. The first step requires the reviewing court to "examine the [trial] court's compliance with all applicable rules and

statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. The applicable rules the trial court must consider include the purpose of felony sentencing, R.C. 2929.11, and seriousness of the crime and recidivism factors, R.C. 2929.12. Id. at ¶3-14. However, "[t]he sentencing court need not make any particular findings regarding R.C. 2929.11-12." *State v. Logsdon*, 7th Dist. No. 09CO8, 2010-Ohio-2536, ¶20; see also, *State v. Ballard*, 7th Dist. No. 08 CO 13, 2009-Ohio-5472, ¶71. Where the record is silent, there is a rebuttable presumption that the trial court considered the statutory sentencing criteria. Id. If the sentence is not clearly and convincingly contrary to law, the reviewing court considers whether, "in selecting a sentence within the permissible statutory range," the trial court abused its discretion. *Kalish*, supra, at ¶17. An abuse of discretion is "'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144. Trial courts "*have full discretion to impose a prison sentence* within the statutory range and *are no longer required to make findings or give their reasons* for imposing maximum, consecutive, or more than the minimum sentences." (Emphasis sic.) *Kalish*, supra, at ¶11, citing *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 47, ¶100.

{15} In the matter at bar, the trial court ordered a presentencing report, conducted a sentencing hearing, and concluded by considering "the record, presentence investigation report, oral statements and the principles and purposes of sentencing under Ohio Revised Code § 2929.11, and [balancing] the seriousness

and recidivism factors under Ohio Revised Code § 2929.12," that Appellant was not eligible for a community control sanction. The court sentenced him to the statutory minimum. (12/20/10 J.E.) The record therefore reflects that the court made the proper inquiry, applied the applicable statutes and weighed the necessary factors. Appellant's sentence is neither contrary to law nor an abuse of discretion and his second assignment of error is without merit and is overruled.

## CONCLUSION

**{16}** Appellant argues in his two assignments of error that the prosecutor violated the Crim.R. 11 agreement voiding his guilty plea, and that the trial court abused its discretion by sentencing him to the statutory minimum and making his sentences consecutive. Appellant's two assignments of error are equally without merit and are overruled. The judgment of the trial court is affirmed.

Vukovich, J., concurs.

DeGenaro, J., concurs.