[Cite as *Catudal v. Catudal*, 2016-Ohio-8498.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Anna Catudal, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 15AP-1092 |
| v. | : | (C.P.C. No. 13CV-11630) |
| Chance Catudal, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 29, 2016

**On brief:** *Courtney A. Zollars*, for appellee. **Argued:** *Courtney A. Zollars*.

**On brief:** *Chance Catudal*, pro se. **Argued:** *Chance Catudal*.

APPEAL from the Franklin County Court of Common Pleas

PER CURIAM.

{¶ 1} Defendant-appellant, Chance Catudal, appeals from a judgment of the Franklin County Court of Common Pleas granting the motion of plaintiff-appellee, Anna Catudal, for summary judgment. For the reasons that follow, we affirm.

**I. Facts and Procedural History**

{¶ 2} Appellee filed a complaint on October 21, 2013, asking the court to declare appellant a vexatious litigator and to award her money damages. Appellee alleged that "[s]ince 2010," appellant had "abused the court system by continually filing motions, mostly without merit, and asking for the same issues to be litigated over and over." (Complaint at ¶ 4.) Appellee noted that appellant had filed "approximately 140 motions" in the parties' divorce action. (Complaint at ¶ 8.) Appellee filed a request with the clerk of court for personal service of the complaint and summons.

{¶ 3}   Also filed on October 21, 2013 was an October 26, 2012 judgment entry from the common pleas court.  The October 26, 2012 entry designates Jon Krukowski & Associates as process servers for the common pleas court for a one-year period.  On October 30, 2013, a blank proof of service was returned to the court, demonstrating that service of the complaint and summons had not occurred.  Appellant filed an answer and counterclaim on February 5, 2014 asserting the affirmative defense of insufficiency of service of process.

{¶ 4}   On March 5, 2014, appellee filed a motion seeking leave to amend her complaint, which the trial court granted.  Appellee filed her amended complaint on April 7, 2014, asserting the same claims as her original complaint but altering the relief sought. Appellee asked the clerk to make personal service of the amended complaint via process server Jon Krukowski.  Appellee also presented the court with a previously filed motion from Jon Krukowski & Associates, which asked the common pleas court to appoint Jon Krukowski & Associates as process servers for the court.  On April 30, 2014, a blank proof of service was retuned to the court, demonstrating that service of the amended complaint had not occurred.

{¶ 5}   Appellee filed a motion for summary judgment on her vexatious litigator claim on June 4, 2014, and attached several exhibits to the motion to support her claim.

{¶ 6}   On June 8, 2014, appellant filed a motion to dismiss or, in the alternative, a motion for leave to file amended answer and counterclaim.  Appellant asserted that the action should be dismissed because he had not been served with the complaint.

{¶ 7}   On September 29, 2014, the trial court issued a decision and entry granting in part and denying in part appellant's motion to dismiss or, in the alternative, motion for leave. The court observed that, although "[appellee] filed a request for service of the Amended Complaint with the Clerk of Courts with instructions to make personal service," a review of the docket revealed that "no return of service, indicating that personal service was completed upon [appellant], was ever filed."  (Decision and Entry at 2.)  The court thus concluded that the record did not contain proof of service of either the original or amended complaint.  The court ordered appellee to file "proof of service of the Complaint and Summons, and the Amended Complaint and Summons, within 14 days of the date of this Entry." (Decision and Entry at 3.)

{¶ 8}    On September 30, 2014, appellant filed a Civ.R. 12(B)(6) motion to dismiss, asserting that appellee's vexatious litigator claim was barred by the statute of limitations in R.C. 2323.52(B).

{¶ 9}    On October 7, 2014, two separate proofs of personal service were filed in the action, demonstrating that appellant had been personally served with the complaint and amended complaint.

{¶ 10} On October 8, 2014, appellant filed his third motion to dismiss pursuant to Civ.R. 12(B)(5), (B)(6), and (B)(2).  Appellant asserted that the returns of service filed the previous day were only "proof of service for the Amended Complaint, not the original Complaint." (Mot. to Dismiss at 2.)  Appellant reiterated that appellee's vexatious litigator claim was barred by the statute of limitations, and asserted that, as service had not been perfected, the court did not have personal jurisdiction over him.

{¶ 11} On October 13, 2014, appellant filed a motion for leave to file a motion for summary judgment, and filed his motion for summary judgment instanter.  Appellant asserted in his motion for summary judgment that the court could not find him to be a vexatious litigator, as he had not been sanctioned previously for vexatious conduct. Appellant filed another motion on October 13, 2014 asking the court to take judicial notice of certain facts.

{¶ 12} On October 22, 2014, appellant filed his fourth motion to dismiss, asserting that appellee had still not perfected service of the complaint.

{¶ 13} On October 30, 2014, the court issued an order obligating appellee to show cause as to why the matter should not be dismissed for failure to obtain service.  The court observed that appellee had "filed the two personal service returns indicating that service was complete upon [appellant] on October 7, 2014," but noted that the October 26, 2012 entry designating Jon Krukowski & Associates as process servers was only valid for one year.  (Order to Show Cause.)

{¶ 14} Appellee filed a reply to the show cause order on November 7, 2014, and filed an amended reply on November 10, 2014.  Appellee asserted that Jon Krukowski & Associates were qualified process servers pursuant to court order, and attached a February 11, 2014 entry signed by Judge Kimberly Cocroft of the Franklin County Court of Common Pleas to the amended reply.  The February 11, 2014 entry states that Jon M. Krukowski & Associates are qualified to "serve process in cases before this Court * * * and

to make due return of service according to law for one year." (Am. Reply, Ex. B.) Appellant filed an objection to appellee's showing of good cause on November 13, 2014.

{¶ 15} On January 6, 2015, the trial court issued a decision and entry denying appellant's motions to dismiss, denying appellant's motion for judicial notice, granting appellant's motion for leave to file a motion for summary judgment, and overruling appellant's objection to appellee's showing of good cause. The court noted the February 11, 2014 entry and concluded that appellee had "demonstrated that Mr. Krukowski was appointed by Court order to serve process pursuant to Civ.R. 4.1." (Decision and Entry at 3.)

{¶ 16} On May 13, 2015, the trial court issued a decision and entry granting appellee's motion for summary judgment, denying appellant's motion for summary judgment, and issuing an order designating appellant a vexatious litigator. The court reviewed the evidence appellee submitted with her motion for summary judgment and concluded that appellant "has engaged in vexatious conduct as set forth in R.C. 2323.52(A)(2)(a)-(c), and thus a vexatious litigator designation is appropriate under R.C. 2323.52(A)(3)." (Decision and Entry at 4.)

{¶ 17} On October 14, 2015, a magistrate held a hearing to determine the amount of necessary and reasonable attorney fees appellee incurred in bringing the present action; appellant did not appear for the hearing. On October 20, 2015, the magistrate issued a decision finding that appellee had incurred $6,395 in attorney fees. On November 4, 2015, the trial court issued a decision and entry adopting the magistrate's decision on attorney fees.

## II. Assignments of Error

{¶ 18} Appellant appeals and assigns the following five assignments of error for our review:

> [I.] The Trial Court erred and abused its discretion in determining that Defendant-Appellant was properly served.
>
> [II.] The Trial Court erred and abused its discretion in not granting Defendant-Appellant's Motion(s) to Dismiss.
>
> [III.] The Trial Court erred and abused its discretion by refusing to take Judicial Notice.

[IV.] The Trial Court erred and abused its discretion in granting Plaintiff-Appellee's Motion for Summary Judgment.

[V.] The Trial Court erred and abused its discretion in not granting Defendant-Appellant's Motion for Summary Judgment.

## III.  First Assignment of Error – Service

{¶ 19} Appellant's first assignment of error asserts the trial court erred by concluding that appellee had perfected service of the complaint and amended complaint.

{¶ 20} Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant."  The methods of service are governed by Civ.R. 4.1, which provides for service by certified mail, personal service, or residence service.  Personal service is controlled by Civ.R. 4.1(B), which provides that "[w]hen the plaintiff files a written request with the clerk for personal service, service of process shall be made by that method."

{¶ 21} The rule further provides that "[w]hen process issued from the * * * court of common pleas * * * is to be served personally under this division, the clerk of the court shall deliver the process and sufficient copies of the process and complaint, or other document to be served, to the sheriff of the county in which the party to be served resides."  Civ.R. 4.1(B). In the alternative, "process issuing from any of these courts may be delivered by the clerk to any person not less than eighteen years of age, who is not a party and who has been designated by order of the court to make personal service of process under this division."  Civ.R. 4.1(B).

{¶ 22} Appellant asserts, citing Civ.R. 7(B), the October 7, 2014 service was improper because appellee "never filed a motion requesting that the Trial Court appoint a process server."  (Appellant's Brief at 6.)  Appellant asserts that "[c]onsidering this fact alone," he "could not have been properly served by a process server in this matter."  (Appellant's Brief at 6-7.)  *See* Civ.R. 7(B)(1) (providing that "[a]n application to the court for an order shall be by motion").  Civ.R. 4.1(B), however, does not obligate the plaintiff to file a separate motion asking the court to designate a process server.  Rather, the rule only requires that the plaintiff file a "written request with the clerk for personal service."  Civ.R. 4.1(B).  Once the plaintiff  makes a written request for personal service, service "shall be made by that method."  Civ.R. 4.1(B).  Regarding the process server, the rule

requires only that, in the alternative to the sheriff, the process server be a person who is "not less than eighteen years of age, who is not a party and who has been designated by order of the court to make personal service of process under this division." Civ.R. 4.1(B).

{¶ 23} In the February 11, 2014 entry, the common pleas court observed that "Jon M. Krukowski and all Associates are qualified individuals over the age of 18 and are not parties to any actions being served." (Nov. 10, 2014 Am. Reply, Ex. B.) The February 11, 2014 entry designated Jon Krukowski & Associates to serve process in cases before the court for one year. Accordingly, the February 11, 2014 entry established that Jon Krukowski & Associates were individuals who were over 18, not a party to any case, and had "been designated by order of the court to make personal service of process under this division." Civ.R. 4.1(B).

{¶ 24} Courts must presume service is proper in cases where the civil rules are followed, unless the presumption is rebutted by sufficient evidence. *State ex rel. Benjamin v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 06AP-158, 2007-Ohio-2471, ¶ 5, citing *In re Estate of Popp*, 94 Ohio App.3d 640 (8th Dist.1994). Here, the record demonstrates that appellant was personally served with the complaint and summons and the amended complaint on October 7, 2014, while the February 11, 2014 entry designating Jon Krukowski & Associates as process servers was effective. Appellant fails to point to any evidence to rebut the presumption of proper service, and, accordingly, we find that appellant was properly served pursuant to Civ.R. 4.1(B). Because the October 7, 2014 service occurred within one year of the October 21, 2013 filing of the complaint, appellee successfully commenced the action pursuant to Civ.R. 3(A).

{¶ 25} Based on the foregoing, appellant's first assignment of error is overruled.

## IV. Second Assignment of Error — Motions to Dismiss

{¶ 26} Appellant's second assignment of error asserts the trial court abused its discretion by denying his four motions to dismiss. Appellant asserts that his first and fourth motions to dismiss should have been granted "because he was not properly served," that his second motion to dismiss should have been granted under Civ.R. 12(B)(6), and that his third motion to dismiss should have been granted both because appellee failed to obtain "good service," and because she "failed to state a claim upon which relief could be granted." (Appellant's Brief at 8.) As we have already concluded

that appellant was properly served in this action, we find the trial court did not err by denying appellant's motions to dismiss alleging improper service.

{¶ 27} "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). In order for a trial court to grant a motion to dismiss for failure to state a claim upon which relief may be granted, it must appear beyond doubt from the complaint that the appellee can prove no set of facts entitling him to recovery. *Id.*; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. This court reviews a trial court's disposition of a motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) de novo. *Stewart v. Fifth Third Bank of Columbus, Inc.*, 10th Dist. No. 00AP-258 (Jan. 25, 2001).

{¶ 28} In contrast to the resolution of a Civ.R. 12(B)(1) motion, a trial court may consider only the statements and facts contained in the pleadings and may not consider or rely on evidence outside the complaint when resolving a Civ.R. 12(B)(6) motion to dismiss. *Estate of Sherman v. Millhon*, 104 Ohio App.3d 614, 617 (10th Dist.1995). In its review, the court must presume all factual allegations are true and draw all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

{¶ 29} R.C. 2323.52(B) provides that a person may commence a civil action to have an individual designated a vexatious litigator "while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred." In its January 6, 2015 decision and entry, the trial court observed that "the Amended Complaint only references the general date upon which [appellant's] allegedly vexatious behavior began." (Decision and Entry at 4-5.) As such, and drawing all reasonable inferences in appellee's favor, the court concluded that the amended complaint did not demonstrate that it was filed outside the statute of limitations contained in R.C. 2323.52(B).

{¶ 30} Our review of the amended complaint similarly demonstrates that appellee did not allege any facts which would have conclusively placed the complaint outside the applicable statute of limitations. Accordingly, the trial court did not err by denying

appellant's Civ.R. 12(B)(6) motions to dismiss. Appellant's second assignment of error is overruled.

## V. Third Assignment of Error – Judicial Notice

{¶ 31} Appellant's third assignment of error asserts the trial court erred by denying his motion for judicial notice. Appellant's October 13, 2014 motion asked the court to take judicial notice of the following facts: (1) appellee did not file a motion to appoint a process server, (2) the October 26, 2012 entry designating a process server did not display a case number, (3) Jon Krukowski filed a motion to designate himself a process server, (4) appellee's attorneys signed the service receipts on October 30, 2013 and April 30, 2014, (5) proof of service was not filed until October 7, 2014, while the entry designating the process server expired on October 26, 2013, and (6) appellee's attorneys were required to be competent and have legal knowledge.

{¶ 32} The trial court denied appellant's motion, observing that appellant's request was "not well-taken pursuant to Evid.R. 201(D)." (Jan. 6, 2015 Decision and Entry at 6.) Evid.R. 201(D) states that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Evid.R. 201(B) provides that a "judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

{¶ 33} Thus, Evid.R. 201(B)(1) " 'applies to adjudicative facts generally known within the territorial jurisdiction,' " and concerns facts that " 'any person would reasonably know or ought to know without prompting within the jurisdiction of the court and includes an infinite variety of data from location of towns within a county to the fact that lawyers as a group enjoy a good reputation in the community.' " *State v. LaFever*, 7th Dist. No. 02 BE 71, 2003-Ohio-6545, ¶ 35, quoting Staff Notes to Evid.R. 201. Evid.R. 201(B)(2) concerns scientific, historical, and statistical data which can be verified and is beyond reasonable dispute. *Id.*

{¶ 34} The facts appellant asked the court to take judicial notice of are not facts which any reasonable person would know, nor do they concern data that is beyond a reasonable doubt. *See State v. Welker*, 8th Dist. No. 83252, 2004-Ohio-1132, ¶ 14, 17; *Cottrell v. Cottrell*, 12th Dist. No. CA2012-10-105, 2013-Ohio-2397, ¶ 85. Appellant

asserts that the trial court's refusal to take judicial notice was prejudicial, as "it led to the Trial Court concluding that (1) the Process Server had been properly appointed; and (2) that Defendant-Appellant had been properly served." (Appellant's Brief at 9.) However, the facts contained in appellant's October 13, 2014 motion do not establish that service was improper, and our analysis of appellant's first assignment of error demonstrates that appellant was properly served in the present action. Accordingly, the trial court did not err by denying appellant's motion for judicial notice.

{¶ 35} Based on the foregoing, appellant's third assignment of error is overruled.

## VI.  Fourth and Fifth Assignments of Error – Summary Judgment

{¶ 36} Appellant's fourth assignment of error asserts the trial court erred in granting appellee's motion for summary judgment; appellant's fifth assignment of error asserts the trial court erred by not granting his motion for summary judgment.

{¶ 37} Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997). "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997). We must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 38} Summary judgment is proper only when the party moving for summary judgment demonstrates that: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 39} When seeking summary judgment on the ground that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). A moving

party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets this initial burden, then the non-moving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 40} R.C. 2323.52 provides that a vexatious litigator is a person "who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions." R.C. 2323.52(A)(3). The statute defines vexatious conduct as the conduct of a party in a civil action which (a) obviously serves merely to harass or maliciously injure another party to the civil action, (b) is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or (c) the conduct is imposed solely for delay. R.C. 2323.52(A)(2)(a) through (c). The vexatious litigator statute " 'seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources.' " *Mayer v. Bristow*, 91 Ohio St.3d 3, 13 (2000), quoting *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 50 (10th Dist.1998).

{¶ 41} Our review of the record demonstrates that appellant has engaged in vexatious conduct, as defined in R.C. 2323.52(A)(2). The parties were divorced on October 18, 2011, and after the domestic relations court issued the judgment entry decree of divorce, appellant bombarded that court with a "deluge of filings." *Catudal v. Catudal*, 10th Dist. No. 13AP-492, 2013-Ohio-4801, ¶ 2. In a November 7, 2012 judgment entry, the domestic relations court cautioned appellant as follows:

> The entirety of [appellant's] behavior is problematic and very likely to lead to an official "vexatious litigator" designation pursuant to § 2323.52 of the Revised Code as his conduct is clearly (1) undertaken merely to harass or maliciously injure another Defendant, the former GAL and the Court; (2) not warranted under existing law and cannot be supported by a

> good faith argument for an extension, modification, or reversal of existing law; *and in many cases* (3) imposed solely to delay the enforcement of parenting rights and responsibilities as set forth in the Decree of Divorce. As of right now, no such proceedings have been instituted against [appellant]; however, he is hereby warned that should he continue to file incoherent, frivolous filings having absolutely no basis in the law he most certainly risks be so deemed.

(Emphasis sic.)  (Appellee's June 4, 2014 Mot. for Sum. Jgmt., Ex. 3 at 4.)

{¶ 42} In the November 7, 2012 judgment entry, the domestic relations court addressed appellant's motion to strike/deny the Guardian ad Litem's ("GAL") motion to enforce, in which appellant made arguments about the GAL's pre-decree work.  The court noted that it had previously explained to appellant that, because he dismissed his appeal from the judgment entry decree of divorce, he was "now without recourse to contest the sufficiency of the GAL's work or the Court's findings related to the GAL's recommendation."  (Appellee's June 4, 2014 Mot. for Sum. Jgmt., Ex. 3 at 3.)  Yet, appellant continued to file motions concerning pre-decree matters.  Appellant's conduct, of continuing to file motions on pre-decree issues after being informed that such motions were legally improper, demonstrates harassing conduct which is not warranted under existing law.  *See Farley v. Farley*, 10th Dist. No. 02AP-1046, 2003-Ohio-3185, ¶ 47 (finding that "Mr. Farley's actions," of continuing to raise mattes which were "settled and far beyond appeal," amounted to conduct of a "vexatious litigant whose goal was to harass and annoy").

{¶ 43} The domestic relations court granted appellee's motion to stay the action, pursuant to the Servicemembers Civil Relief Act, on October 15, 2012.  Nevertheless, appellant continued to file motions after the stay was in place. On November 27, 2012 and January 25, 2013, the court issued judgment entries denying appellant's various motions. The court noted that, if appellant continued to "file further frivolous filings especially during this period when proceedings are stayed," he risked being designated a vexatious litigator. (Appellee's June 4, 2014 Mot. for Sum. Jgmt., Ex. 4 at 3.)  Appellant's conduct, of continuing to file motions after the court stayed the action, satisfies R.C. 2323.52(A)(2)(a) and (b).

{¶ 44} Appellant also filed four different affidavits of disqualification with the Supreme Court of Ohio seeking to disqualify the two judges who presided over the parties'

domestic relations action at different times. After appellant's third affidavit, the Supreme Court reminded appellant, as it had "explained in two of the entries denying Catudal's previous affidavits of disqualification, an affiant's disagreement or dissatisfaction with a judge's legal rulings, even if those rulings may be erroneous, is not grounds for disqualification." (Appellee's June 4, 2014 Mot. for Sum. Jgmt., Ex. 6 at 2.) Yet, appellant continued to file affidavits of disqualification when he disagreed with a judge's ruling. Appellant's conduct, of continuing to file meritless affidavits of disqualification, demonstrates the harassing, annoying, and legally unwarranted conduct the vexatious litigator statute seeks to prohibit.

{¶ 45} Appellant asserts that appellee presented "no evidence of a previous sanction," and states that "[f]or this reason alone, the statute of limitations in *R.C. 2323.51* makes everything that Plaintiff-Appellee complained about no longer actionable." (Emphasis sic.) (Appellant's Brief at 10.) However, as this case does not concern a finding of frivolous conduct under R.C. 2323.51, the statute of limitations from R.C. 2323.51 is irrelevant. Moreover, appellee filed the present action well within the statute of limitations provided for in R.C. 2323.52(B), as the domestic relations action was still ongoing when appellee filed the October 21, 2013 complaint. *See Roo v. Sain*, 10th Dist. No. 04AP-881, 2005-Ohio-2436, ¶ 13. Indeed, appellant filed a motion for Civ.R. 11 sanctions against appellee's attorneys in the domestic relations action on November 5, 2013, and this court affirmed the trial court's denial of that motion on April 23, 2015. *See Catudal v. Catudal*, 10th Dist. No. 14AP-749, 2015-Ohio-1559.

{¶ 46} Appellant asserts that it is "ridiculous to ask one judge to view something that happened in a different Court, with another judge presiding, and then to punish an individual for something that was not even sanctioned previously by the original judge." (Appellant's Brief at 10.) However, R.C. 2323.52(A)(3) provides that a vexatious litigator is a person who has engaged in vexatious conduct "in a civil action or actions." Thus, "[b]y including the word 'actions,' the statute permits a court to examine other actions that a person has participated in to determine if that person is a vexatious litigator." *Catudal v. Netcare Corp.*, 10th Dist. No. 15AP-133, 2015-Ohio-4044, ¶ 8. Accordingly, the trial court may review vexatious "conduct in other proceedings to adjudge whether" an individual is "a vexatious litigator." *Id; see also Buoscio v. Macejko*, 7th Dist. No. 00-CA-00138, 2003-Ohio-689, ¶ 33.

{¶ 47} Appellant further asserts that, to prove her vexatious litigator claim, appellee had to "prove that Defendant-Appellant has been penalized for 'vexatious conduct' previously" under R.C. 2323.51. (Appellant's Brief at 11.) However, "[w]hile R.C. 2323.51 and 2323.52 sanction similar conduct, they provide different remedies," and "nothing in either statute requires a party to seek and obtain the R.C. 2323.51 remedy before asking for a vexatious litigator declaration under R.C. 2323.52." *Netcare Corp.* at ¶ 19-20. Accordingly, the lack of a previous R.C. 2323.51 sanction did not bar the trial court from finding appellant to be a vexatious litigator. *See also Prime Equip. Group., Inc. v. Schmidt*, 10th Dist. No. 15AP-584, 2016-Ohio-3472, ¶ 21.

{¶ 48} Based on the foregoing, we find the trial court did not err in concluding there remained no genuine issue of material fact, and that appellant's conduct was vexatious under the definition set forth in R.C. 2323.52(A)(2)(a) through (c). Accordingly, the trial court did not err in granting appellee's motion for summary judgment or in denying appellant's motion for summary judgment. Appellant's fourth and fifth assignments of error are overruled.

## VII. Conclusion

{¶ 49} Having overruled appellant's five assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., SADLER, and HORTON, JJ., concur.